DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Aaron Mandour, | ) | |
| | ) | CASE NO. 1:13 CV 1222 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| Newman Technology, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' joint motion to approve their settlement agreement in this Fair Labor Standards Act (FLSA) action.  ECF 40 and 42.  For the reasons that follow the settlement is approved, the parties' joint motion is granted, and this case is dismissed.

## I.  BACKGROUND

Plaintiff commenced this action on behalf of himself and all others similarly situated to him.  Plaintiff's complaint alleges that defendant violated the FLSA, 29 U.S.C. §§ 201, et seq., by failing to record and pay overtime compensation at a rate of one and one-half times the regular rate for hours worked in excess of forty hours per week.  Plaintiff claimed that he worked about 15 hours of overtime a week, which he was not allowed to record by his supervisors.  Defendant denies any wrongdoing (ECF 6).  While plaintiff commenced this collective action on behalf of himself and others similarly situated, no other current or former employees joined the action and the case proceeded on an individual basis only.  The Court referred this case to Magistrate Judge George Limbert for general pretrial supervision.

(1:13 CV 1222)

After extensive discovery, Magistrate Judge Limbert mediated a settlement of the case and issued a Report and Recommendation recommending approval of the settlement agreement as fair and reasonable.  ECF 38.  The parties also filed a thorough memorandum providing a detailed explanation of the bases for their position that the settlement was fair and reasonable under the FLSA and should be approved by the Court.  ECF 40 and 42.

II.  APPLICABLE LAW

The purpose of the FLSA is to protect employees from detrimental labor conditions and to maintain minimum standards necessary for the well-being of workers.  29 U.S.C. § 202. Workers are guaranteed certain rights by the FLSA, and those right are generally not subject to bargaining and cannot be compromised be settlement except in two narrow circumstances. *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982)).  One of those circumstances, applicable here, is when a federal district court approves settlement of a suit brought pursuant to Section 16(b) of the FLSA after scrutinizing the settlement for fairness.  *Landsberg v. Acton Enterprises, Inc*., 2008 WL 2468868 at *1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc*., 679 F.2d at 1353 (the court must determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Shulte, Inc. v. Gangi*, 328 U.S. 108 (1946))); 29 U.S.C. 216(b).

III.  ANALYSIS

The Court finds that the action maintained by plaintiff in this case represents a bona fide dispute regarding the payment of overtime which plaintiff alleges he worked and was not paid, and which defendant disputes.  Having reviewed the parties settlement agreement in the context

2

(1:13 CV 1222)

of plaintiff's claims, the extensive discovery conducted by the parties, and the risk that each party faced if this case were to proceed to trial, the Court concludes that the defendant's settlement payment to plaintiff is fair and reasonable.

Plaintiff in this case is the prevailing party.  The FLSA provides for an award of attorney fees to a prevailing plaintiff.  Fee shifting statutes allow access to the courts for workers who would not otherwise be able to pursue their claims.  This case involved extensive discovery and a settlement negotiated at arms-length under the supervision of Magistrate Judge Limbert.  The Court further notes that plaintiff's attorney claims no fees related to the initial collective action, and limits fees to the prosecution of this case as to the individual plaintiff only.

Taking into account counsel's commitment of time for pre-litigation investigation, post-filing matters, extensive discovery, and the recovery of a settlement which adequately and equitably compensated plaintiff for his claims, the Court concludes that the amount of the settlement allocated to the payment of counsel's attorney fees is fair and reasonable.

Accordingly, the Court concludes that the parties' settlement of this FLSA action is fair and reasonable.  The parties' joint motion to approve the FLSA settlement agreement between the parties is GRANTED.  The Court will file a separate entry of dismissal.

IT IS SO ORDERED.


  June 30, 2014         *S/ David D. Dowd, Jr.*
Date                David D. Dowd, Jr.
                   U.S. District Judge

3